**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOMAS CARRILLO-FLORES, | No. 19-71203 |
| Petitioner, | Agency No. A206-547-114 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Tomas Carrillo-Flores, a native and citizen of Mexico, petitions for review
of the Board of Immigration Appeals' order dismissing his appeal from an
immigration judge's decision denying his application for withholding of removal
and relief under the Convention Against Torture ("CAT"). Our jurisdiction is
governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Carrillo-Flores' contentions regarding his notice to appear. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We also lack jurisdiction to consider Carrillo-Flores' contentions regarding particular social groups that he did not raise to the agency. *See id*.

Substantial evidence supports the agency's determination that Carrillo-Flores failed to establish that the harm he suffered or fears in Mexico was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We reject as unsupported by the record, Carrillo-Flores' contention that the agency misidentified his proposed particular social group. Thus, Carrillo-Flores' withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Carrillo-Flores failed to show it is more likely than not he would be tortured by or

with the consent or acquiescence of the government if returned to Mexico. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief).

We reject Carrillo-Flores' contention that the agency failed to consider evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**